UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

PERRY ASHELMAN,

                Plaintiff,

    v.

D. VAN OGLE, et al.,

               Defendants.

No. C09-5389 BHS/KLS

ORDER DENYING MOTION FOR THE APPOINTMENT OF COUNSEL

This civil rights action has been referred to United States Magistrate Judge Karen L. Strombom pursuant to Title 28 U.S.C. § 636(b)(1) and Local MJR 3 and 4. Before the Court is Plaintiff's motion for the appointment of counsel (Dkt. 13) and motion to proceed *in forma pauperis* in support of motion for the appointment of counsel. Dkt. 14. Plaintiff has been granted leave to proceed *in forma pauperis* in this matter. Dkt. 5.

Having carefully reviewed Plaintiff's motions and balance of the record, the Court finds, for the reasons stated below, that Plaintiff's motions should be denied.

**I. DISCUSSION**

No constitutional right exists to appointed counsel in a § 1983 action. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). *See also United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995) ("[a]ppointment of counsel under this section is discretionary, not mandatory.") However, in "exceptional circumstances," a district court may

ORDER DENYING MOTION FOR COUNSEL - 1

appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1) (formerly 28 U.S.C.§ 1915(d)). *Rand v. Roland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *overruled on other grounds,* 154 F.3d 952 (9th Cir. 1998) (emphasis supplied.) To decide whether exceptional circumstances exist, the court must evaluate both "the likelihood of success on the merits [and] the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)). A plaintiff must plead facts that show he has an insufficient grasp of his case or the legal issue involved and an inadequate ability to articulate the factual basis of his claim. *Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004).

That a *pro se* litigant may be better served with the assistance of counsel is not the test. *Rand*, 113 F.3d at 1525. Moreover, the need for discovery does not necessarily qualify the issues involved as "complex." *Wilborn,* 789 F.2d at 1331. Most actions require development of further facts during litigation. But, if all that was required to establish the complexity of the relevant issues was a demonstration of the need for development of further facts, then practically all cases would involve complex legal issues. *Id.*

Plaintiff states that he should be appointed counsel because he is unable to afford counsel, his case is complex, and he has limited access to the law library and evidence. Dkt. 13, p. 1.

Plaintiff's indigency, imprisonment, inability to obtain counsel and lack of legal skills are not exceptional circumstances which warrant the appointment of counsel. Plaintiff has demonstrated an adequate ability to articulate his claims *pro se*. Plaintiff has not demonstrated that the issues involved in this case are complex or that he has had any difficulties in expressing

ORDER DENYING MOTION FOR COUNSEL - 2

them. Plaintiff has also not shown a likelihood of success on the merits beyond his conclusory allegations that his case has merit.

Accordingly, Plaintiff's motion to appoint counsel (Dkt. 13) and motion to proceed *in forma pauperis* "in support of motion for the appointment of counsel" (Dkt. 14)[1] are **DENIED**.

The Clerk is directed to send copies of this Order to Plaintiff.

DATED this  10th  day of December, 2009.

Karen L. Strombom
United States Magistrate Judge

---

[1] As noted above, Plaintiff has already been granted leave to proceed *in forma pauperis* in this matter. Dkt. 5.

ORDER DENYING MOTION FOR COUNSEL - 3