# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT TACOMA

PERRY ASHELMAN,

    Plaintiff,

v.

D. VAN OGLE, *et al.*,

    Defendants.

NO. C09-5389 BHS/KLS

ORDER DENYING PLAINTIFF'S SECOND MOTION FOR APPOINTMENT OF COUNSEL

Before the court is Plaintiff's second motion for the appointment of counsel. Dkt. 24. His previous motion (Dkt. 13) was denied on December 10, 2009. Dkt. 19. Having reviewed Plaintiff's second motion and balance of the record, the court finds, for the reasons stated below, that the motion should be denied.

*DISCUSSION*

No constitutional right exists to appointed counsel in a § 1983 action. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). *See also United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995) ("[a]ppointment of counsel under this section is discretionary, not mandatory.") However, in "exceptional circumstances," a district court may

appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1) (formerly 28 U.S.C.§ 1915(d)). *Rand v. Roland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *overruled on other grounds,* 154 F.3d 952 (9th Cir. 1998) (emphasis supplied.) To decide whether exceptional circumstances exist, the court must evaluate both "the likelihood of success on the merits [and] the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)). A plaintiff must plead facts that show he has an insufficient grasp of his case or the legal issue involved and an inadequate ability to articulate the factual basis of his claim. *Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004).

That a *pro se* litigant may be better served with the assistance of counsel is not the test. *Rand*, 113 F.3d at 1525. Moreover, the need for discovery does not necessarily qualify the issues involved as "complex." *Wilborn,* 789 F.2d at 1331. Most actions require development of further facts during litigation. But, if all that was required to establish the complexity of the relevant issues was a demonstration of the need for development of further facts, then practically all cases would involve complex legal issues. *Id.*

Plaintiff states that he should be appointed counsel because he lacks sufficient funds to hire an attorney, he is untrained in the law and has limited access to the prison library, and that the issues involved are complex. Dkt. 24. These same reasons were offered in Plaintiff's first motion for appointment of counsel. Dkt. 13.

As Plaintiff was previously advised, his indigency, imprisonment, inability to obtain counsel and lack of legal skills are not exceptional circumstances that warrant the appointment

of counsel. Plaintiff has demonstrated an adequate ability to articulate his claims *pro se*. Plaintiff has not demonstrated that the issues involved in this case are complex or that he has had any difficulties in expressing them. Plaintiff has also not shown a likelihood of success on the merits beyond his conclusory allegations that his case has merits.

According, it is **ORDERED**:

1) Plaintiff's second motion for the appointment of counsel (Dkt. 24) is **DENIED.**

2) The Clerk shall send a copy of this Order to Petitioner and counsel for Defendants.

**DATED** this   26th   day of February, 2010.

*/s/ Karen L. Strombom*
Karen L. Strombom
United States Magistrate Judge