UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| PERRY ASHELMAN,<br><br>                              Plaintiff,<br>    v.<br>D. VAN OGLE, *et al.*,<br>                             Defendants. | No. C09-5389 BHS/KLS<br><br>**REPORT AND RECOMMENDATION**<br>**Noted for:  May 14, 2010** |

       Before the Court is Defendants' Motion for Summary Judgment.  Dkt. 27.  Plaintiff Perry Ashelman did not file a response to the motion.  Instead, on March 5, 2010, Plaintiff filed a Motion and Memorandum in Support for Summary Judgment Motion.  Dkt. 29.  The parties stipulated that Plaintiff's Motion for Summary Judgment should be re-noted until after the court ruled on the Defendants' motion.  Dkts. 30 and 31 (motion and order, respectively).

       Having carefully reviewed the motion and balance of the record, and viewing the evidence in the light most favorable to Mr. Ashelman, the undersigned recommends that the Defendants' motion for summary judgment be granted.

*INTRODUCTION*

       Mr. Ashelman filed this civil rights action alleging that several prison officials violated his constitutional due process rights by denying him the right to present witnesses or witness statements at a prison disciplinary hearing conducted on September 8, 2008 (the "First Hearing").  At the conclusion of the First Hearing, Mr. Ashelman was found guilty and

REPORT AND RECOMMENDATION - 1

sanctioned with 90 days loss of good conduct time and 10 days isolation. Mr. Ashelman challenged the infraction and sanctions imposed during the First Hearing in state court and in response, the Department of Corrections (DOC) stated that it would expunge the infraction and conduct a new hearing (the "Re-Hearing").

At the Re-Hearing, Mr. Ashleman was again found guilty of the infraction and sanctioned with 90 days loss of good time and 10 days isolation, with credit for time served for the isolation time. Mr. Ashelman challenged the infraction and sanctions imposed during the Re-Hearing and subsequently filed a federal habeas petition in this court. *Ashelman v. Glebe,* Case No. C09-5570BHS. A report and recommendation to deny Mr. Ashelman's federal habeas claim relating to the Re-Hearing is pending in that case. Claims relating to the fairness of the Re-Hearing are not the subject of this § 1983 lawsuit. In this case, Mr. Ashelman seeks compensatory and punitive damages only as to his claims that he was denied due process at the First Hearing.

*STATEMENT OF MATERIAL FACTS*

Mr. Ashelman was issued a prison infraction for inciting a riot and was found guilty at the First Hearing held on September 8, 2008. Dkt. 27-2, p. 1 (CM/ECF page numbering).[1] The hearing officer, Tony Dunnington found Mr. Ashelman guilty and sanctioned him to 90 days loss of good conduct time and 10 days in isolation. *Id.* For purposes of this summary judgment, the

---

[1] On September 3, 2008, Mr. Ashelman was charged with committing a 651 infraction (WAC 137-25-030, Category A, No. 651 prohibits inmates from "Inciting other to riot". WAC 137-25-030, Category A, No. 651). The infraction was based on Correctional Officer Douglas Metcalf's observation that "[o]n 9/3/08 at 0335 I/M Ashelman was coaching I/M Benson #319067 in B108 to soak his sheet with water and to stuff towels in his cell door track to keep it from opening." See *Ashelman v. Glebe,* Case No. C09-5570BHS, Dkt. 17, Exh. 4, Attach. A (Serious Infraction Report); see also Dkt. 5, p. 16 (marked as Exhibit F). The DOC advised Mr. Ashelman in writing of his rights at prison disciplinary hearings and Mr. Ashelman requested that inmate Al Davis provide a witness statement at his hearing. *Id.*, Attach. B (Disciplinary Hearing Notice/ Appearance Waiver).

REPORT AND RECOMMENDATION - 2

court accepts as true Mr. Ashelman's assertion that the defendants prevented him from presenting witness statements at the First Hearing.

On October 25, 2008, Mr. Ashelman filed a personal restraint petition in the Supreme Court of the State of Washington claiming that his due process rights had been violated at the First Hearing because he had not been allowed to present witness statements on his behalf. Dkt. 9, pp. 7-8. Mr. Ashelman sought reversal of the infraction, removal of the infraction from his record, the return of 90 days good time, and an additional 30 days good time for the 10 days he served in isolation. *Id.*, p. 8. On December 29, 2008, the DOC responded to the personal restraint petition, stating that it would expunge and rehear Mr. Ashelman's infraction within 60 days. *Id.* (citing *In re Pers. Restraint of Higgins,* 152 Wn.2d 155, 162-63, 95 P.3d 330 (2005) (pending personal restraint petition challenging prison disciplinary action, the department may expunge infraction and hold a new hearing)). The Re-Hearing of Plaintiff's infraction for inciting others to riot was held on January 21, 2009. Dkt. 27-2, p. 3.

*SUMMARY JUDGMENT STANDARD*

Summary judgment is appropriate when, viewing the evidence in the light most favorable to the non-moving party, there exists "no genuine issue as to any material fact" such that the "moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). A material fact is a fact relevant to the outcome of the pending action. See *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Genuine issues of material fact are those for which the evidence is such that "a reasonable jury could return a verdict for the nonmoving party." *Id.*

In response to a properly supported summary judgment motion, the nonmoving party may not rest upon mere allegations or denials in the pleadings, but must set forth specific facts demonstrating a genuine issue of fact for trial and produce evidence sufficient to establish the

REPORT AND RECOMMENDATION - 3

existence of the elements essential to his case. *See* Fed.R.Civ.P. 56(e). A mere scintilla of evidence is insufficient to create a factual dispute. *See Anderson*, 477 U.S. at 252. In ruling on summary judgment, the court does not weigh evidence to determine the truth of the matter, but "only determine[s] whether there is a genuine issue for trial." *Crane v. Conoco, Inc.*, 41 F.3d 547, 549 (9th Cir. 1994).

## *DISCUSSION*

Under the Fourteenth Amendment's Due Process Clause, a prisoner is entitled to certain due process protections when he is charged with a disciplinary violation. *Wolff v. McDonnell*, 418 U.S. 539, 564-71, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974). *Wolff* established five constitutionally-mandated procedural requirements for disciplinary proceedings. First, "written notice of the charges must be given to the disciplinary-action defendant in order to inform him of the charges and to enable him to marshal the facts and prepare a defense. *Id*. at 564. Second, "[a]t least a brief period of time after the notice, no less than 24 hours, should be allowed to the inmate to prepare for the appearance before the [disciplinary committee]." *Id*. Third, "there must be a 'written statement by the factfinders as to the evidence relied on and reasons' for the disciplinary action." *Id*. at 564-65 (quoting *Morrissey v. Brewer,* 408 U.S. 471, 489, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972)). Fourth, "the inmate facing disciplinary proceedings should be allowed to call witnesses and present documentary evidence in his defense when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals." *Id*. at 566. Finally, "[w]here an illiterate inmate is involved ... or [where] the complexity of the issue makes it unlikely that the inmate will be able to collect and present the evidence necessary for an adequate comprehension of the case, he should be free to seek the aid of a fellow inmate, or ... to

REPORT AND RECOMMENDATION - 4

have adequate substitute aid ... from the staff or from a sufficiently competent inmate designated by the staff." *Id*. at 570.

Prison officials must have the necessary discretion to refuse to call witnesses that may create a risk of reprisal or undermine authority. *Wolff*, 418 U.S. at 566. The burden of proving adequate justification for denial of a request to present witnesses rests with the prison officials. *Ponte v. Real*, 471 U.S. 491, 496, 105 S.Ct. 2192, 85 L.Ed.2d 553 (1985); *Bostic v. Carlson*, 884 F.2d 1267, 1273 (9th Cir.1989). Due process requires that prison officials at some point state their reasons for refusing to call witnesses requested by an inmate at a disciplinary hearing. *Ponte*, 471 U.S. at 492, 496-97. Prison officials may explain their reasons at the disciplinary hearing or later. *Koenig v. Vannelli*, 971 F.2d 422, 423 (9th Cir.1992).

The procedural protections afforded by the Due Process Clause adhere only when the disciplinary action implicates a protected liberty interest in some "unexpected manner" or imposes an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Connor*, 515 U.S. 472, 484, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995). Rather than invoking a single standard for determining whether a prison hardship is atypical and significant, courts rely on a condition or combination of conditions or factors that requires case by case, fact by fact consideration. *Serrano v. Francis*, 345 F.3d 1071, 1078 (9th Cir.2003) (citing *Keenan v. Hall*, 83 F.3d 1083, 1089 (9th Cir.1996), amended 135 F.3d 1318 (1998)), cert. denied, 543 U.S. 825 (2004). Courts are to look to three guideposts by which to frame the inquiry: (1) whether the challenged condition mirrored those conditions imposed upon inmates in administrative segregation and protective custody; (2) the duration of the condition, and the degree of restraint imposed; and (3) whether the state's action will invariably affect the duration of the prisoner's sentence. *Serrano*, 345 F.3d at 1078 (citations omitted).

REPORT AND RECOMMENDATION - 5

The undisputed evidence before the court reflects that Mr. Ashelman was not allowed to present any witness statements at the First Hearing. Defendants give no reason why Mr. Ashelman was not allowed to present witness statements nor do they provide evidence that Mr. Ashelman's status was such that he was prohibited from presenting witness statements. The record reflects that after Mr. Ashelman filed a personal restraint petition in the Washington Supreme Court claiming that his due process rights had been violated at the First Hearing because he had not been allowed to present witness statements, the DOC stated that it would expunge and rehear Mr. Ashelman's infraction pursuant to *In re Pers. Restraint of Higgins,* 152 Wn.2d 155, 162-63, 95 P.3d 330 (2005) (pending personal restraint petition challenging prison disciplinary action, the department may expunge infraction and hold a new hearing). It is also undisputed that Mr. Ashelman was given full credit at the Re-Hearing for the 10-day isolation sanction imposed at the First Hearing. *Id.*, p. 3. [2]

In a prison disciplinary hearing the concept of due process exists because an inmate has a liberty interest in having good time or earned time credited against his sentence. Once that good time or earned time has been credited against the sentence, the sentence has been shortened. The inmate has a liberty interest in being released on the earlier date. See, *Wolff v. McDonnell*, 418 U.S. 539 (1974). Thus, good time that has been credited against a sentence cannot be taken away without affording due process.

In this case, 90 days good time credit was taken from Mr. Ashelman as a result of the First Hearing and then restored when the DOC agreed to expunge the infraction and conduct a new hearing after he filed his personal restraint petition. Once that good time was restored, Mr. Ashelman had no further liberty interest to which the concept of due process applies. However,

---

[2] As noted above, conduct of the Re-Hearing is not at issue in this case.

REPORT AND RECOMMENDATION - 6

Mr. Ashelman also received a 10-day term of isolation as a result of the First Hearing (although he later was given credit for time served in isolation when he was later given the same sanction as a result of the Re-Hearing). Thus, the threshold inquiry for the court is whether Mr. Ashelman's confinement for 10 days in isolation implicates a protected liberty interest. If a liberty interest is at stake, the court must then determine what procedures Mr. Ashelman was entitled to under the Due Process Clause. See, e.g., *Wilkinson v. Austin*, 545 U.S. 209, 125 S.Ct. 2384, 2393 (2005).

Viewing the facts in the manner most favorable to Mr. Ashelman, the undersigned concludes that Mr. Ashelman has failed to show that a genuine issue of material fact exists as to whether he had a legally protected liberty interest to be free from placement in isolation. In a prison setting, liberty interests are "generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin*, 515 U.S. at 484.

The placement of a prisoner in isolation or segregation as a result of disciplinary proceedings is subject to *Wolff's* procedural protections if (1) state statutes or regulations narrowly restrict the power of prison officials to impose the deprivation, and (2) the liberty in question is one of "real substance." *Sandin*, 515 U.S. at 477-87. Typically, placement in segregated housing in and of itself does not implicate a protected liberty interest. *Serrano v. Francis*, 345 F.3d 1071, 1078 (9th Cir.2003). Mere allegations by a prisoner that he was denied due process in connection with the decision to administratively segregate him do not present a constitutionally cognizable claim, absent a showing that the specific deprivation at play meets the "real substance" test. See, e.g., *May v. Baldwin*, 109 F.3d 557, 565 (9th Cir.1997).

REPORT AND RECOMMENDATION - 7

Placement in segregation falls within the terms of confinement ordinarily contemplated when a prison sentence is imposed, see *Toussaint v. McCarthy*, 801 F.2d 1080, 1091-92 (9th Cir.1986), and so "comported with the prison's discretionary authority."  In addition, the analysis used in *Sandin* indicates that an "atypical" deprivation may be defined by the conditions of the inmate's confinement as well as the length of that confinement. See, e.g., *Sandin*, 115 S.Ct. at 2301.  In *Sandin*, the Court held that an inmate's disciplinary placement in segregated confinement was not atypical because the conditions of his confinement mirrored those imposed upon inmates in administrative segregation and protective custody, and the length of his placement (30 days) "did not work a major disruption in [inmate's] environment". *Id.*

Thus, Mr. Ashelman's placement in isolation for ten days does not give rise to a liberty interest.  There is no evidence that his placement was beyond the prison officials' discretion to impose[3] or that the liberty in question was one of "real substance."[4]

Because Mr. Ashleman has not shown that prison officials imposed "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life," *Sandin*, 115 S.Ct. at 2300, he has failed to establish the existence of a liberty interest that he has been deprived of without due process of law.

---

[3] Pursuant to WAC 137-28-350(1)(j), disciplinary hearing officers in the Washington DOC are authorized to impose a sanction of isolation on offenders who commit serious infractions.  The only effect of the isolation sanction is the loss of out-of-cell yard time for a period of ten days.  *See* WAC 137-28-370.

[4] Moreover, "[t]he Constitution itself does not guarantee good-time credit for satisfactory behavior while in prison." *Wolff*, 418 U.S. at 556-57.  Mr. Ashelman's ineligibility for earned early release time credits was a consequence of a discretionary decision to place him in isolation.  Thus the collateral consequence, that he was unable earn early release time credits while in isolation, also does not convert his placement in isolation into a protected liberty interest.

REPORT AND RECOMMENDATION - 8

*CONCLUSION*

Based on the foregoing, the undersigned recommends that Defendants' motion for summary judgment (Dkt. 27) be **GRANTED** and that Mr. Ashelman's claims against the Defendants in this case be **DISMISSED WITH PREJUDICE.** Plaintiff's motion for summary judgment (Dkt. 29) should be denied as moot.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **May 14, 2010**, as noted in the caption.

DATED this  15th  day of April, 2010.

Karen L. Strombom
United States Magistrate Judge

REPORT AND RECOMMENDATION - 9